165 F.3d 31
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Janet M. BROYLES, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, Respondent.
 No. 98-2237.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 29, 1998.*
Decided Nov. 24, 1998.
 
 Petition for Review of an Order of the Benefits Review Board, United States Department of Labor. No. 93-BLA-1083.
 Before Hon. RICHARD A. POSNER, Chief Judge, Hon. JOHN L. COFFEY, Hon. DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 Janet Broyles, the surviving spouse of Earl Broyles, a former coal worker, petitions this court to review a denial of survivor benefits under the Black Lung Benefits Act, 30 U.S.C. § 901 et seq. and regulations implementing the Act, 20 C.F.R. § 718 et seq. She argues that substantial evidence does not support the ruling by the Administrative Law Judge ("ALJ") that black lung disease, or pneumoconiosis, did not substantially contribute to her husband's death.
 
 
 2
 The ALJ reviewed four medical opinions on the cause of Mr. Broyles's death, as well as Mr. Broyles's hospital records. The ALJ found that while it was clear that Mr. Broyles suffered from pneumoconiosis, pneumoconiosis was not a "substantially contributing cause leading to death" under 20 C.F.R. § 718.205(c). The ALJ concluded that the opinions of two medical consultants engaged by the Department of Labor, Drs. Kennedy and Naeye, outweighed the opinion of Mrs. Broyles's expert, Dr. Turner. In doing so he apparently relied on Drs. Kennedy and Naeye's superior qualifications and the fact that their opinions were well-reasoned.
 
 
 3
 On appeal, however, the government has abandoned Dr. Naeye's opinion because it believes the opinion rests on Dr. Naeye's flawed determination that Mr. Broyles did not suffer from coal worker's pneumoconiosis. Because the ALJ seems to have placed substantial weight on Dr. Naeye's opinion and his order does not indicate whether he would have reached the same conclusion were he to rely solely on Dr. Kennedy's opinion, we cannot say that the ALJ's reliance on Dr. Naeye's report was harmless error. Compare Poole v. Freeman United Coal Mining Co., 897 F.2d 888, 895 (7th Cir.1990). Accordingly, we VACATE the Benefit Review Board's order and REMAND the case for reconsideration by the ALJ.
 
 
 
 *
 On July 17, 1998 we granted the parties' request to waive oral argument. Thus the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(f)